Case 2:14-cv-00022   Document 30   Filed in TXSD on 03/09/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAYMOND COBB, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-22 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO STAY PROCEEDINGS

Pending in this case is Defendants Lorie Davis's and Cliff Morris's supplemental motion for summary judgment (D.E. 28) which incorporated their original motion for summary judgment (D.E. 15). Plaintiff has responded to both motions (D.E. 27, 29).

This case was stayed pending resolution of similar issues by the Fifth Circuit in the appeal of *Davis v. Pierce*, No. 2:12-CV-166, 2014 WL 798033 (S.D. Tex. 2014). On June 14, 2016, the Fifth Circuit affirmed in part and vacated and remanded in part this Court's decision in *Davis v. Pierce*. *See Davis v. Davis*, 826 F.3d 258 (5th Cir. 2016). The stay in the instant case was lifted on July 26, 2016 and Plaintiff was ordered to show cause why judgment should not be entered against him as to his First Amendment claims for monetary relief against Defendant Cliff Morris in his individual capacity, as well as his RLUIPA claims that he should be permitted to smoke a personal prayer pipe and carry his medicine bag at all times (D.E. 23). In addition, an August 29, 2016 deadline was set for filing supplemental motions for summary judgment and responses were due

by September 23, 2016 (*Id.*). The parties have provided briefing as directed (D.E. 27, 28, 29).

In *Davis*, the Fifth Circuit vacated the part of this Court's order denying inmates the right to wear long hair or a kouplock for religious reasons. *Davis*, 826 F.3d at 272. In particular, the Fifth Circuit ordered this Court to evaluate the admissibility of expert testimony that had been presented in another case on the same issue of whether inmates should be allowed to wear long hair or a kouplock for religious reasons. *Id.* (referring to *Odneal v. Pierce*, C.A. No. C-04-454, 2011 WL 2678940 at *1 (S.D. Tex. July 7, 2011) (*Odneal III*)). The Fifth Circuit also ordered this court to consider the plaintiffs' specific, individual status as low custody inmates in relation to their theory that the grooming restrictions were unnecessarily applied to them in light of *Holt v. Hobbs*, 135 S.Ct. 853, 863 (2015). *Id.* at 270. The Fifth Circuit affirmed this Court's granting of summary judgment on Davis's First Amendment claim, his medicine-bag RLUIPA claim and his pipe-ceremony RLUIPA claim. *Id.* at 265-266.

This Court has considered the instructions of the Fifth Circuit and entered a new order in the *Davis* case. *See* D.E. 231 in *Davis v. Davis*, No. 2:12-cv-166 (filed March 7, 2017). This Court concluded that the TDCJ grooming policy requiring short hair places a substantial burden on the exercise of the plaintiffs' religious rights. In addition, the plaintiffs established a fact issue as to whether TDCJ's grooming policy is the least restrictive means of maintaining institutional security without added significant cost to TDCJ. This Court withdrew the granting of summary judgment for the defendants on the

RLUIPA grooming claim and denied it. This Court also recommended that the Fifth Circuit remand this case for trial. *Id.*

The issues in the instant case are precisely the same as those being addressed in *Davis*. In light of the *Davis* case being sent back to the Fifth Circuit, the instant case will be stayed once again until the Fifth Circuit has an opportunity to rule on the remanded issues in the *Davis* case.

ORDERED this 9th day of March, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE